**RECEIVED**

MAY 3 0 2012

Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| IN RE APPLICATION OF THE ) <br> UNITED STATES OF AMERICA FOR ) <br> AN ORDER PURSUANT TO ) <br> 18 U.S.C. § 2703(d) ) | MISC. NO. 12-299 <br><br> **UNDER SEAL** |

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel,

respectfully submits under seal this ex parte application for an Order pursuant to 18 U.S.C.

§ 2703(d) to require Microsoft Corporation, an internet service provider located in Redmond,

Washington, which functions as an electronic communications service provider and/or a remote

computing service, to provide records and other information pertaining to the following e-mail

address: ███████████████ The records and other information requested are set

forth in Attachment A to the proposed Order. In support of this application, the United States

asserts:

### BACKGROUND

In August 2010, a federal grand jury sitting in this district charged Stephen Jin-Woo Kim

with Unauthorized Disclosure of National Defense Information, in violation of 18 U.S.C. §

793(d), and False Statements, in violation of 18 U.S.C. § 1001. See United States v. Stephen

Jin-Woo Kim, 10-cr-225 (CKK). The investigation of that unauthorized disclosure is ongoing.

Specifically, the ongoing investigation seeks to determine whether anyone aided and abetted

and/or conspired with defendant Kim. As demonstrated below, the investigation to date provides

reasonable grounds to believe that Microsoft Corporation has records and other information

pertaining to email address ███████████████ that are relevant and material to the ongoing criminal investigation.

Because Microsoft Corporation functions as an electronic communications service provider (it provides its subscribers access to electronic communication services, including e-mail and the Internet) and/or a remote computing service (it provides computer facilities for the storage and processing of electronic communications), 18 U.S.C. § 2703 sets out particular requirements that the government must meet in order to obtain access to the records and other information it is seeking. Here, the government seeks to obtain the following categories of information: (1) basic subscriber information, and (2) connection records and other information pertaining to a certain Microsoft Corporation, e-mail account.

To obtain basic subscriber information,[1] the government needs only a subpoena. 18 U.S.C. §2703(c)(2). To obtain records and other information pertaining to subscribers of an electronic communications service provider or remote computing service (not including the contents of communications), the government must comply with 18 U.S.C. § 2703(c)(1), which provides, in pertinent part:

> A governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity --

---

[1] Basic subscriber information includes: "(A) name; (B) address; (C) local and long distance telephone connection records, or records of session times and durations; (D) length of service (including start date) and types of service utilized; (E) telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; and (F) means and source of payment for such service (including any credit card or bank account number)." 18 U.S.C. § 2703(c)(2).

. . . .

> (B) obtains a court order for such disclosure under
> subsection (d) of this section.

Section 2703(d), in turn, provides in pertinent part:

> A court order for disclosure under subsection (b) or (c) may be issued by any
> court that is a court of competent jurisdiction[2] and shall issue only if the
> governmental entity offers specific and articulable facts showing that there are
> reasonable grounds to believe that the contents of a wire or electronic
> communication, or the records or other information sought, are relevant and
> material to an ongoing criminal investigation. . . . A court issuing an order
> pursuant to this section, on a motion made promptly by the service provider,
> may quash or modify such order, if the information or records requested are
> unusually voluminous in nature or compliance with such order otherwise would
> cause an undue burden on such provider.

Accordingly, this application sets forth specific and articulable facts showing that there are

reasonable grounds to believe that the materials sought are relevant and material to an ongoing

criminal investigation.

By this Application, the government does not seek the content of emails sent from or

received by ▮▮▮▮▮▮▮▮▮▮▮▮▮ Rather, the government seeks the subscriber and

connection information (including the e-mail header, or "To" and "From," information) related

to the accounts. Specifically, Part 1 of Attachment A to the proposed order, requests subscriber

information, namely:

    a.    name(s) and email address;

---

[2] 18 U.S.C. § 2711(3) states that "the term 'court of competent jurisdiction' has the meaning
assigned by section 3127, and includes any Federal court within that definition, without
geographic limitation." Section 3127 defines the term "court of competent jurisdiction" as "any
district court of the United States (including a magistrate judge of such a court) or any United
States court of appeals having jurisdiction over the offense being investigated." 18 U.S.C.
§ 3127(2)(A).

b.    address(es);

c.    local and long distance telephone connection records, or records of session times and durations;

d.    length of service (including start date) and types of service utilized;

e.    telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; and

f.    the means and source of payment for such service (including any credit card or bank account number).

Such basic subscriber information, which is specifically enumerated in Section 2703(c)(2), can be obtained by either subpoena or a 2703(d) order, as the government seeks here. <u>See</u> 18 U.S.C. § 2703(c)(2) and (c)(1)(B).[3]

By this Application, the government also seeks the non-content connection and router information (including the email addressing, or "To" and "From," information) related to ███████ ████████████████████ This type of information falls between basic subscriber information, described above, and the "contents of a wire or electronic communication," which require either a warrant under section 2703(a) or the legal process described in section 2703(b) of the Electronic Communications Privacy Act (ECPA). <u>See</u> 18 U.S.C. § 2703(a) & (b). Rather, such non-contention connection and router information falls into a third category of information described in the ECPA as "a record or other information pertaining to a subscriber to or customer of such

---

[3] Although the government may use a subpoena to compel disclosure of basic subscriber information, in this instance the government seeks to compel disclosure of both basic subscriber information (in Part 1 of the Attachment to the proposed order) and non-content connection and router information (in Part 2 of the Attachment to the proposed order) pursuant to a 2703(d) order.

service (not including the contents of communications)." 18 U.S.C. § 2703(c). By its own language, this "catch-all" category of information extends beyond the basic subscriber information enumerated in section 2703(c)(2), and includes any other "record" or "information" that are not the contents of the wire or electronic communication in question. Common examples of "record[s] or other information . . . pertaining to a subscriber" that can be obtained with a 2703(d) order include transactional records such as account logs that record account usage and e-mail addresses of other individuals with whom the account holder has corresponded. See United States v. Allen, 53 M.J. 402, 409 (C.A.A.F. 2000) (concluding that "a log identifying the date, time, user, and detailed internet address of sites accessed" by a user constituted "a record or other information pertaining to a subscriber or customer of such service" under ECPA); see also Hill v. MCI Worldcom, 120 F. Supp. 2d 1194, 1195-96 (S.D. Iowa 2000) (concluding that the "names, addresses, and phone numbers of parties . . . called" constituted "a record or other information pertaining to a subscriber or customer of such service" for a telephone account). As the United States District Court for the District of Massachusetts has explained:

> section 2703(c) makes a clear distinction between "sterile" subscriber data and more detailed non-content transactional data. Under section 2703(c)(2), the government may obtain basic subscriber records, such as name, address, length of service, and means of payment (including any credit card or bank account number), by mere subpoena. Thus, the 'records and other information' obtainable by means of a section 2703(d) order must consist of data containing greater detail than the records subject to an administrative subpoena by section 2703(c)(2). Any other construction would render section 2703(c)(2) superfluous.

In re Applications of the Untied States for America for Orders Pursuant to Title 18, United States Code, Section 2703(d), 509 F. Supp. 2d 76, 80 n. 8 (D. Mass. 2007). Such information can be obtained by a court order issued pursuant to Section 2703(d), among other methods enumerated in

Section 2703(c)(1).  See 18 U.S.C. § 2703(c)(1)(C)); see also H.R. Rep. No. 103-827, at 10, 17,

31 (1994), reprinted in 1994 U.S.C.C.A.N. 3489, 3490, 3497, 3511 ("The bill . . . requir[es] law

enforcement to obtain a court order for access to electronic mail addressing information.").

Indeed, Section 2703(d) orders are broadly used and widely accepted for this purpose across the

country.[4]

It is this type of non-content information that the government seeks in Part 2 of the

Attachment to the proposed order.  Specifically, Part 2 of the Attachment to the proposed order

requests:

> User connection logs for the accounts listed in Part 1. This information shall
> include:
>
> a.   connection time and date;
>
> b.   disconnect time and date;
>
> c.   method of connection to system (e.g., SLIP, PPP, Shell);
>
> d.   data transfer volume (e.g., bytes);
>
> e.   connection information for other systems to which user connected,
>       including:
>
>> a.   connection destination;
>>
>> b.   connection time and date;
>>
>> c.   disconnect time and date;
>>
>> d.   method of connection to system (e.g., telnet, ftp, http);
>>
>> e.   data transfer volume (e.g., bytes);

---

[4] In this district, each of the Magistrate Judges has granted applications for 2703(d) orders
directing the disclosure of non-content connection and router information as sought in Part 2 of
Attachment A to the proposed order. See, e.g., Misc. No. 07-558 (Magistrate Judge Facciola);
07-445 (Magistrate Judge Kay); Misc. No. 08-28 (Magistrate Judge Robinson).

f.  non-content email header information, i.e., "To" and "From" e-mail addresses; and

g.  any other relevant routing information.

Such historical information is stored in records kept by Microsoft Corporation, and pertains to a particular subscriber or customer. Thus, the information falls comfortably within the statutory catch-all definition of "a record or other information pertaining to a subscriber to or customer." 18 U.S.C. § 2703(c)(1). Further, such connection and router records are "non-content information" as they do not provide the actual contents of any email. Cf. 18 U.S.C. § 2510(8) (defining the "contents" of a communication to include information concerning its "substance, purport, or meaning"). Accordingly, such records may be compelled pursuant to a 2703(d) order.

## RELEVANT FACTS

On August 19, 2010, a federal grand jury empaneled in the United States District Court for the District of Columbia returned a two-count indictment against Stephen Jin-Woo Kim, a former senior intelligence advisor who worked at the Department of State's Verification, Compliance and Implementation Bureau (VCI). Count One charges defendant Kim with the Unauthorized Disclosure of National Defense Information, in violation of 18 U.S.C. § 793(d). More specifically, the indictment alleges that in or about June 2009, defendant Kim had lawful possession of information relating to the national defense – that is, a specific intelligence report marked TOP SECRET/SENSITIVE COMPARTMENTED INFORMATION (SCI) that concerned intelligence sources and/or methods and intelligence about the military capabilities of a particular foreign nation – which information defendant Kim had reason to believe could be used

to the injury of the United States or to the advantage of a foreign nation, and that defendant Kim willfully communicated that information to a person not entitled to receive it, namely a reporter for a national news organization ("the Reporter").[5]

The investigation of that unauthorized disclosure is ongoing. Specifically, the ongoing criminal investigation seeks to determine whether anyone aided and abetted and/or conspired with defendant Kim. The investigation has revealed that at the time of the charged unauthorized disclosure, ███████ was defendant Kim's friend and worked as ███████████ ███████████████. Like defendant Kim, ████████ possessed a TOP SECRET//SCI clearance. ████████, however, did not have access to the intelligence report that is the subject matter of the charged unauthorized disclosure.

In the course of this ongoing investigation, the government has reviewed the contents of ████████'s State Department email account. That review revealed 11 emails between ███ ███████ and the Reporter between April and September 2009. In one of those emails the Reporter solicited from ████████ information concerning the same foreign country that is referred to in the Indictment in United States v. Stephen Jin-Woo Kim, 10-cr-225 (CKK). Two later emails indicate that ████████ provided the Reporter with unclassified information concerning that same foreign country. Further, on or about May 6, 2009, defendant Kim sent an email from his State Department account to ████████'s State Department account stating that defendant Kim had received an email from the Reporter. ████████ responded that defendant

---

[5] Count Two charges the defendant with False Statements in violation of 18 U.S.C. § 1001(a)(2). The Indictment alleges that on or about September 24, 2009, the defendant lied to agents of the Federal Bureau of Investigation (FBI), by falsely denying that he had had any contact with the Reporter since meeting the Reporter in March 2009.

Kim should contact him through his personal email account, i.e., █████████████ rather than through his State Department email account.

It is apparent from the foregoing specific and articulable facts that there are reasonable grounds to believe that records and other information related to the email account █████ ████████████████████ would be relevant and material to the government's ongoing criminal investigation in that they may reveal additional communications between ████████ and defendant Kim and/or the Reporter, and therefore aid in determining whether anyone acted as an aider and abettor and/or co-conspirator of defendant Kim in the charged unauthorized disclosure.

The internet service provider for ████████████████ is Microsoft Corporation. Accordingly, the government requests that Microsoft Corporation, be directed to produce all records described in Attachment A to the proposed Order. The requested information should be readily accessible to Microsoft Corporation, by computer search, and its production should not prove burdensome. Further, the United States requests that this application and Order be sealed by the Court until such time as the Court directs otherwise. Finally, the United States requests that pursuant to the preclusion of notice provisions of 18 U.S.C. § 2705(b), Microsoft Corporation, be ordered not to notify any person (including the subscriber or customer to which the materials relate) of the existence of this Order for such period as the Court deems appropriate. The United States submits that such an order is justified because notification of the existence of this Order would seriously jeopardize the ongoing investigation. Such a disclosure would give the subscriber an opportunity to destroy evidence, change patterns of behavior, notify confederates, or flee from prosecution.

## CONCLUSION

WHEREFORE, it is respectfully requested that the Court grant the attached Order, (1) directing Microsoft Corporation to provide the United States with the records and information described in Attachment A; (2) directing that the application and Order be sealed; (3) directing Microsoft Corporation not to disclose the existence or content of the Order, except to the extent necessary to carry out the Order; and (4) directing that three certified copies of this application and Order be provided by the Clerk of this Court to the United States Attorney's Office.

EXECUTED on this _____ day of May, 2012.

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
D.C. Bar Number 447-889

By:

G. MICHAEL HARVEY
Assistant United States Attorney
D.C. Bar Number 447-465
National Security Section
United States Attorney's Office
555 4th Street, N.W., Room 11-858
Washington, D.C. 20530
Phone: (202) 252-7810
Michael.Harvey2@usdoj.gov

JONATHAN M. MALIS
Assistant United States Attorney
D.C. Bar Number 454-548
National Security Section
United States Attorney's Office
555 4th Street, N.W., Room 11-447
Washington, D.C. 20530
Phone: (202) 252-7806
Jonathan.M.Malis@usdoj.gov

DEBORAH CURTIS
Trial Attorney
CA Bar Number 172208
Counterespionage Section
U.S. Department of Justice
600 E Street, N.W.,
Washington, D.C. 20530
Phone: (202) 233-2113
Deborah.Curtis@usdoj.gov

FILED

MAY 30 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE APPLICATION OF THE )<br>UNITED STATES OF AMERICA FOR )<br>AN ORDER PURSUANT TO )<br>18 U.S.C. § 2703(d) ) | MISC. NO. ___12-299___ |

)       **UNDER SEAL**

### ORDER

This matter having come before the Court pursuant to an application under Title 18,

United States Code, Section 2703, which application requests the issuance of an order under Title

18, United States Code, Section 2703(d) directing **Microsoft Corporation**, an electronic

communications service provider and/or a remote computing service, located in Redmond,

Washington, to disclose certain records and other information, as set forth in Attachment A to this

Order, the Court finds that the applicant has offered specific and articulable facts showing that

there are reasonable grounds to believe that the records or other information and the contents of a

wire or electronic communication sought are relevant and material to an ongoing criminal

investigation.

IT APPEARING that the information sought is relevant and material to an ongoing

criminal investigation, and that notice of this Order to any person of this investigation or this

application and Order entered in connection therewith would seriously jeopardize the

investigation;



IT IS ORDERED pursuant to Title 18, United States Code, Section 2703(d) that **Microsoft Corporation** will, within three days of the date of this Order, turn over to agents of the the records and other information as set forth in Attachment A to this Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States Attorney's Office with three (3) certified copies of this application and Order.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court, and that **Microsoft Corporation** shall not disclose the existence of the application or this Order of the Court, or the existence of the investigation, to the listed subscriber or to any other person (except as necessary to carry out this Order), unless and until authorized to do so by the Court. If any action **Microsoft Corporation** would take to preserve or produce these records would in any way alert the subscriber or user of this account, **Microsoft Corporation** is ordered to consult with the Department of Justice before taking such action.

Alan Kay
United States Magistrate Judge

_May 30, 2012_
Date

cc:
G. Michael Harvey
Jonathan M. Malis
Assistant United States Attorneys
555 4th Street, NW – 11th Floor
Washington, D.C. 20530

U.S. District and Bankruptcy Courts
for the District of Columbia
A TRUE COPY          5/31/12
ANGELA D. CAESAR, Clerk
By_____
Deputy Clerk

- 2 -

You are to provide the following information as printouts and electronic files (preferably in Excel format), if available:

    1.    The following customer or subscriber account information for any accounts registered to, or associated with the following email account: ████████████████ (hereinafter the "Target Account"). For the Target Account, the information shall include:

    a.    name(s);

    b.    address(es);

    c.    local and long distance telephone connection records, or records of session times and durations;

    d.    length of service (including start date) and types of service utilized;

    e.    telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address;

    f.    the means and source of payment for such service (including any credit card or bank account number); and

    g.    any other information pertaining to the identity of the subscribers, including, but not limited to, dates of birth, social security numbers, and driver's license numbers.

    2.    All user connection logs and records of account activity for the Target Account. This information shall include:

    a.    records of user activity for any connections made to or from the Target Account, including the date, time, length, and method of connections, data transfer volume, user name, and source and destination Internet Protocol address(es);

    b.    telephone records, including local and long distance telephone connection records, caller identification records, cellular site and sector information, GPS data, and cellular network identifying information (such as the IMSI, MSISDN, IMEI, MEID, or ESN);

c. non-content information associated with the contents of any communication or file stored by or for the Target Account, such as the source and destination IP addresses and e-mail addresses, i.e., "To," "From" and "CC" email addresses;

d. correspondence and notes of records related to the Target Account.; and

e. connection information for other systems to which users of the Target Account connected, including:

    i. connection destination;

    ii. connection time and date;

    iii.. disconnect time and date;

    iv. method of connection to system (e.g., telnet, ftp, http);

    v. data transfer volume (e.g., bytes);

    vi. IP addresses used to create and log into the account; and

    vii. any other relevant routing information.

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. §2703(d) FOR ACCOUNT: ██████████ | **MISC. NO. 12-299**<br><br>Related to:<br>Criminal No. 1:10-cr-00225-CKK<br>Misc. No: 1:16-mc-02183<br><br>**UNDER SEAL** |

## MOTION TO MODIFY SEALING ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves this Court for a modification of the order granted by Magistrate Judge Alan Kay on May 30, 2012, sealing the above-captioned application, order and related paperwork which was sought during the investigation of United States v. Stephen Jin-Woo Kim, Criminal No. 1:10-cr-00225-CKK. This request for partial unsealing is necessary in order to prevent the inadvertent disclosure of personal information or sources and methods related to reporter James Rosen and/or Fox News Network. In support of its motion, the United States states further:

### Background

On May 30, 2012, Magistrate Judge Alan Kay granted the Government's motion to seal the above-captioned application for pen registers and trace and trace devices, finding that sealing the aforementioned would further the legitimate prosecutorial interest in preserving the integrity of the ongoing criminal investigation of Stephen Jin-Woo Kim ("Kim"). On April 2, 2014, this Court accepted Kim's plea of guilty to a violation of Title 18 U.S.C. Section 793(d) and imposed a lawful sentence. The Government, in turn, dismissed the remaining count in the indictment, thereby resolving the criminal case.

On October 21, 2016, the Reporters Committee for Freedom of the Press ("Reporters Committee") filed an application for access to certain sealed court records, to include any applications for pen register and trap and trace devices, and orders pursuant to 18 U.S.C §2703(d), in the Kim matter. At that time, the Government undertook a review of its investigative files and determined that there was no longer a basis to keep the documents sought by the application of the Reporters Committee under seal. The Government then informed counsel for the Reporters Committee that it intended to move to unseal all of the documents at issue in the application.

## Circumstances Leading to Request to Modify Sealing Order

On November 21, 2016, counsel for reporter James Rosen and Fox News contacted Government counsel and expressed concern that the unsealing of the documents would unnecessarily disclose personal information or sources and methods related to the reporter and/or Fox News. Government counsel informed counsel for Mr. Rosen and Fox News that it had intended to redact any personally identifying information, such as dates of birth, email addresses, and phone numbers to protect the privacy of those involved. However, Government counsel could not make representations about whether the redacted documents would nevertheless reveal reporter sources and methods.

Consequently, the United States respectfully requests that it be permitted to disclose proposed redacted versions of the above-captioned application, order and related paperwork to James Rosen and to counsel for James Rosen and Fox News Network in order to allow for meaningful review prior to the Government moving to fully unseal. The United States will instruct counsel that counsel may also disclose the content of the partially unsealed documents to senior leadership at Fox News Network.

## Relief Sought

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the Court modify the sealing order to allow the United States to disclose proposed redacted versions

2

of the above-captioned application, order and related paperwork to the individuals described herein. A proposed Order is submitted herewith.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney
D.C. Bar No. 415793

By: _____

Deborah A. Curtis
Assistant United States Attorney
National Security Section
California Bar Number 172208
555 Fourth Street NW
Washington, D.C. 20530
(202) 252-6920
deborah.curtis@usdoj.gov

3

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES OF AMERICA
FOR AN ORDER PURSUANT TO 18 U.S.C.
§ 2703(d) FOR ACCOUNT: JOHN-
███████████████████████

**MISC. NO. 12-299**

**UNDER SEAL**

**FILED**

NOV 2 9 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**ORDER**
(November 29, 2016)

The Government has moved to modify the sealing order in the above captioned application on the request of James Rosen and/or Fox News Network. Upon consideration of the Government's motion to modify the sealing order and for the reasons set forth in the Government's motion, it is this 29th day of November, 2016,

**ORDERED** that the Government's motion is hereby GRANTED, and that the above-captioned application, order and related paperwork be partially unsealed. It is further

**ORDERED** that James Rosen and counsel for James Rosen and Fox News Network shall provide the Government with any input regarding the propriety of fully unsealing these documents by no later than **December 6, 2016**. It is further

**ORDERED** that the Clerk of the Court shall mail a copy of this order, overnight, to:

Deborah A. Curtis
Assistant United States Attorney
National Security Section
555 Fourth Street NW
Washington, D.C. 20530
(202) 252-6920

**SO ORDERED.**

_/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

( kl )

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. §2703(d) FOR ACCOUNT: ███████████████████ | **MISC. NO. 12-299**<br><br>Related to:<br>Criminal No. 1:10-cr-00225-CKK<br>Misc. No: 1:16-mc-02183<br><br>**UNDER SEAL** |

## MOTION FOR UNSEALING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to unseal all motions, applications, orders and related paperwork in the above-captioned matter. As set forth in the Government's motion to seal the original application, granted by Magistrate Judge John M. Facciola on October 5, 2009, sealing of the above-described documents was necessary at that time because they contained facts concerning a continuing investigation and release of those facts could endanger the course and outcome of the investigation. Since Judge Facciola's Order, the investigation and resultant criminal case -- United States v. Stephen Jin-Woo Kim, Criminal No. 1:10-cr-00225-CKK -- have been resolved. Accordingly, there is no present law enforcement reason for continued sealing of the documents.

To protect the privacy of those involved, the Government respectfully requests that all personally identifiable information, including names of uncharged individuals, email addresses, and phone numbers that appear in the original application and order be redacted prior to those documents being placed on the public docket. Unredacted versions of those respective documents are appended to this Motion for the Court's review as Attachments A and C. Proposed redacted versions of the documents are appended as Attachments B and D.

By this Motion, the Government also seeks the unsealing of a motion to modify the original sealing order and the Court's order granting that motion, Attachments E and G, respectively. As set forth in that motion, the purpose of the partial unsealing was to afford Mr. James Rosen, a reporter, and Fox News Network the opportunity to view the proposed redactions to the original application prior to it being placed on the public docket. Counsel for Mr. Rosen and Fox News Network did review the documents and offered no objections. Accordingly, the Government also offers proposed redacted versions of that motion and order at Attachments F and H.[1]

Finally, by this Motion, the Government seeks to unseal this motion (without attachments) and the resulting Court order, redacting only the personally identifiable information contained in the case caption. Proposed redacted versions of that motion and proposed order are appended as Attachments I and J.

A proposed Order is submitted herewith.

**WHEREFORE**, the Government respectfully requests (1) that this Honorable Court order that all documents associated with the above-captioned application be unsealed and (2) that the attached redacted versions of those documents be placed on the public record.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney
D.C. Bar No. 415793

By: _____/s/_____

Deborah A. Curtis
Assistant United States Attorney
National Security Section
California Bar Number 172208
555 Fourth Street NW
Washington, D.C. 20530
(202) 252-6920
deborah.curtis@usdoj.gov

---

[1] At the request of counsel for Mr. Rosen and Fox News Network, their names are not redacted from the documents.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. §2703(d) FOR ACCOUNT: ▮▮▮▮▮▮▮▮▮ | **MISC. NO. 12-299** Related to: Criminal No. 1:10-cr-00225-CKK Misc. No: 1:16-mc-02183 **Under Seal** |

## ORDER

Upon consideration of the Government's motion to unseal the above-captioned application, order and related paperwork, as well as the motion to modify the original sealing order and the order granting that motion and the instant motion to unseal (without attachments) and this order, for the reasons set forth in the Government's motion and for good cause shown, it is this

_____ day of December, 2016,

ORDERED that the Government's motion is hereby GRANTED, and that the above-captioned application, order and related paperwork be unsealed.

Further ORDERED that, to protect the privacy of the individuals involved, the proposed redacted versions of the documents be placed on the public record.

_____
UNITED STATES DISTRICT COURT JUDGE
COLLEEN KOLLAR-KOTELLY

Copy to:

Deborah A. Curtis
Assistant United States Attorney
National Security Section
555 Fourth Street NW
Washington, D.C. 20530
(202) 252-6920